Opinion issued December 23, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01‑09‑00183‑CV

———————————

Richard Crounse, Appellant

V.

State Farm
Mutual Automobile Insurance Co., Appellee



 



 

On Appeal from the 215th District Court

Harris County, Texas



Trial Court Case No. 2008‑35234

 



 

O P I N I O N

This is an appeal from a judgment awarding “$0.00” attorney’s fees to the
plaintiff.  Appellant, Richard Crounse,
asserts that the trial court erred in failing to award him attorney’s fees
because a fee award is mandatory under Civil Practice and Remedies Code chapter
38, and the $0.00 award of attorney’s fees was against the great weight and
preponderance of the evidence.[1]

We affirm.

Background

          Richard Crounse had auto insurance from appellee, State
Farm Mutual Automobile Insurance Company. 
On June 16, 2005, Crounse was driving his car from Dallas to Houston on
IH‑45 when he hit an object in the road, causing damage to the underside
of his car.  Under the policy, State Farm
was obligated to pay a reasonable towing charge to have the car taken to the
nearest repair facility, although Crounse had the choice to take it to any
repair shop he preferred.  The car was
towed to the nearest repair shop in Fairfield, Texas, where extensive repairs
were made.  Crounse made a claim for the
repairs to State Farm, which State Farm covered except for the deductible.  Crounse did not make a claim for the towing
charge, and State Farm did not pay it.  The
car worked until August 14, 2005, when it shut off while Crounse was driving on
a service road in Houston, Texas.  He
took the car to a repair shop in Houston where it was determined the car needed
a new engine.  Crounse made a new claim
to State Farm, which was investigated and subsequently denied.

          Crounse brought suit against State Farm for breach of
contract, bad faith, unfair settlement practices, and attorney’s fees under Civil
Practice and Remedies Code chapter 38, as well as Insurance Code chapter 541.[2]  After a three day trial, the jury found that
State Farm “failed to comply with the insurance policy” when it did not pay Crounse
for the towing of his vehicle.  However,
the jury found that State Farm did not breach its contract regarding the
repairs and did not breach its duty of good faith and fair dealing.  The jury awarded Crounse $100 in damages for
his towing claim.  It found that $0 was
the reasonable fee for his attorney’s necessary services in the case.

Crounse filed
a motion for new trial, which was overruled, and he now appeals.  He raises one issue on appeal, whether an
award of $0 attorney’s fees is against the great weight and preponderance of
the evidence when a party recovers $100 actual damages on a breach‑of‑contract
claim.[3]

Standard of Review

In reviewing a challenge to the factual sufficiency of
the evidence, we must consider and weigh all the evidence and should set aside
the judgment only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996) (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)); Arias
v. Brookstone, L.P., 265
S.W.3d 459, 468 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).  The jury is the sole judge of witnesses’
credibility.  Golden Eagle Archery,
Inc. v. Jackson, 116 S.W.3d
757, 761 (Tex. 2002).

Moreover, when reviewing sufficiency complaints, “it is the
court’s charge, not some other unidentified law, that measures the sufficiency
of the evidence when the opposing party fails to object to the charge.” Osterberg
v. Peca, 12 S.W.3d 31, 55
(Tex. 2000) (citing Tex. R. Civ. P.
272, 274, 278, 279); see also City of Fort Worth v. Zimlich, 29 S.W.3d 62, 71 (Tex. 2000)
(holding that when no objection was made to jury instruction, evidence to
support finding based on instruction should be assessed “in light of” the
instruction given); Larson v. Cook Consultants, Inc., 690 S.W.2d 567, 568 (Tex. 1985)
(same). Therefore, we will evaluate Crouse’s sufficiency challenges based
solely on the charge given to the jury.  See Thatcher v. Yarborough, No. 01‑00‑00788‑CV,
2002 WL 31618551, at *4 (Tex. App.—Houston [1st Dist.] Nov. 21, 2002, no pet.)
(not designated for publication).

 

Analysis

Chapter 38 and “prevailing party”

          Civil Practice and Remedies Code chapter 38 provides, “[a]
person may recover reasonable attorney’s fees . . . in addition to the amount
of a valid claim and costs, if the claim is for . . . an oral or written
contract.”  Tex. Civ. Prac. & Rem. Code § 38.001(8) (Vernon 2008).  The Supreme Court of Texas has held that only
a “prevailing party” can recover attorney’s fees under chapter 38 and that to
recover fees “a party must (1) prevail on a cause of action for which
attorney’s fees are recoverable, and (2) recover damages.”  Green
Int’l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997) (citing State Farm Life Ins. Co. v. Beaston, 907
S.W.2d 430, 437 (Tex. 1995)); see also Black’s Law Dictionary 1232 (9th ed.
2009) (defining “prevailing party” as “a party in whose favor a judgment is
rendered, regardless of the amount of damages awarded”).  If attorney’s fees are
proper under section 38.001(8), and the requisite elements are proven, the
trial court has no discretion to deny them. 
See Smith v. Patrick W.Y. Tam
Trust, 296 S.W.3d 545, 547 (Tex. 2009); see
Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998); see Cale’s Clean Scene Carwash, Inc. v. Hubbard, 76 S.W.3d 784, 787
n.4 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

          Here, Crounse “prevailed” on his breach‑of‑towing-contract
claim because the jury found that State Farm breached its towing agreement in
the insurance contract and awarded him $100.00 damages as a result of that
breach.  Accordingly, under chapter 38
Crounse is a prevailing party and is entitled to recover attorney’s fees if the
requisite elements are proven showing the amount of his reasonable and
necessary attorney’s fees.

Sufficiency of
evidence to establish reasonable and necessary attorney’s fees

 

To warrant
recovery under the Civil Practice and Remedies Code section 38.001, attorney’s
fees must be “reasonable.”  See Tex.
Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008).  The
reasonableness of an attorney’s fee award generally presents a question of fact.  See
Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881–82 (Tex. 1990); Great Am. Reserve Ins. Co. v. Britton,
406 S.W.2d 901, 907 (Tex. 1966); Tesoro
Petroleum Corp. v. Coastal Ref. & Mktg., Inc., 754 S.W.2d 764, 767
(Tex. App.—Houston [1st Dist.] 1988, writ denied).  Further, an award of attorney’s fees must be
supported by evidence that the fees were both reasonable and necessary.  See
Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991), modified on other grounds by Tony Gullo Motors I, L.P. v. Chapa, 212
S.W.3d 299, 313–14 (Tex. 2006).  Generally,
the party seeking to recover attorney’s fees carries the burden of proof.  Sterling,
822 S.W.2d at 10.  In a case where
attorney’s fees are recoverable, an award of no fees by a jury can only be
proper if the evidence affirmatively shows that no attorney’s services were
needed or that any services provided were of no value.  See Midland
W. Bldg. L.L.C., 300 S.W.3d at 739.

In the
present case, Crounse sued State Farm for breach of contract, bad faith, and
unfair settlement practices.  Crounse sought
damages of at least $41,000, plus attorney’s fees.  The jury question addressing the breach of
contract cause of action reads in part:

QUESTION
NO. 1

          Did
State Farm Mutual Automobile Insurance Company fail to comply with the
insurance policy?

. . . .

State Farm’s coverage for towing is separate from
the main claim and is to be determined under the emergency road service
provision of the policy.

. . . .

Answer “Yes” or “No.”

Part A)—As to Repair or Replacement of Mr. Crounse’s
vehicle:

Answer: No

Part B)—As to Towing of Mr. Crounse’s vehicle:

Answer: Yes

 

          Question number two dealt with resulting damages, and the
jury awarded as follows:

a)
Policy Damages: $0.00

b)
Towing Charges: $100.00

 

As for the remaining causes
of action, the jury found that State Farm did not engage in unfair or deceptive
acts or practices (Question Number 3), and State Farm did not fail to comply
with its duty of good faith and fair dealing (Question Number 6).

          With regard to the attorney’s fees, the record reflects the
following: (1) Crounse’s trial counsel offered expert‑witness testimony
in support of the attorney’s fees sought for trial and appeal; (2) he testified
that the case involved technical issues related to car repairs that required
experts in those areas to be consulted; (3) he explained that the case was
originally filed in the Harris County Civil Court at Law, but that it was
transferred to the district court because it became “too big” for county court;
(4) he further testified about the number of hours he spent preparing for trial
and trying the case; (5) he provided time records and testified that his $300
hourly rate was reasonable for an attorney of his experience; and (6) he testified
that the reasonable fee for the work he did through trial was $85,232.50, and
that a reasonable attorney’s fee through appeal to the Texas Supreme Court would
be $22,500.  State Farm limited its cross‑examination
of Crounse’s trial counsel to the date the case was set for trial, the day
Crounse’s lawyer filed alleged bad‑faith claims, and the date State
Farm’s counsel made an appearance in the case. 
     State Farm did not offer its
own expert on attorney’s fees.  However,
State Farm points to the towing‑charge evidence as relevant to the jury’s
attorney’s fee finding.

          With regard to the towing charge, the evidence shows, and
the jury charge reflects, that the coverage for towing was separate from the
coverage for repairs under the policy. 
State Farm put on evidence that Crounse did not turn in a claim for
towing, and never submitted the towing bill to State Farm.  The jury heard State Farm’s evidence that
State Farm would have paid the towing bill if Crounse had turned in a claim for
it, or if Crounse had sent the towing bill to State Farm.  In contrast, Crounse testified that he asked
State Farm to pay the towing bill, and he believed he sent the towing bill to
State Farm.  Crounse also testified that,
after the lawsuit was filed, he handed the towing bill to one of State Farm’s
attorneys when Crounse was being deposed. 
State Farm responded to the jury that the company could not pay a bill
that was merely handed to one of its attorney’s during a pretrial deposition.

          The jury question on attorney’s fees reads as follows:

QUESTION
NUMBER 9

          What is the reasonable fee for the
necessary services of Richard Crounse’s attorney in this case, stated in
dollars and cents?

          Answer in an amount for each of the
following:

a.       For all work before your
verdict, including reparation for trial and trial.

                             Answer: $0.00

b.       For an appeal to the Court
of Appeals.

                             Answer: $0.00 

c.       For an appeal to the
Supreme Court of Texas.

                   Answer: $0.00

 

The jury heard conflicting evidence
on whether Crounse had submitted a claim, or a bill, for the $100 towing charge
to State Farm.  The jury is the sole
judge of the credibility of witnesses and the weight to be given their
testimony.  Golden Eagle Archery, Inc., 116 S.W.3d at 761.  The jury could have reasonably
concluded that Crounse was not entitled to recover any amount in attorney’s
fees for the prosecution of a lawsuit in which the sole legitimate claim would
have been paid without suit being filed if Crounse had just turned in an
insurance claim, or had just sent in the $100 towing bill, to State Farm.  See Midland W. Bldg. L.L.C., 300 S.W.3d at 739 (holding that
no attorney’s fees award was proper if no attorney’s services were needed).  The award of “$0.00” in attorney’s fees is
not so against the great weight and preponderance of the evidence as to be
clearly wrong and unjust.  Accordingly,
we overrule Crounse’s sole issue.

Conclusion

We affirm the judgment of the trial
court.

 

 

                                                          Margaret Garner
Mirabal

                                                          Justice


 

Panel consists of Chief Justice Radack and
Justices Massengale and Mirabal. [4]











[1]           Tex.
Civ. Prac. & Rem. Code Ann. §§ 38.001–.006 (Vernon 2008).





[2]           Tex.
Ins. Code Ann. §§ 541.001–.454
(Vernon 2009).

 





[3]           In his
reply brief, Crounse acknowledges that, under recent Texas Supreme Court cases,
the evidence does not conclusively establish the amount of his attorney’s fees,
and he therefore has abandoned Issue Presented No. 1.  See Midland W. Bldg. L.L.C. v. First Serv. Air
Conditioning Contractors, Inc., 300 S.W.3d 738, 739 (Tex. 2009).





[4]           The Honorable Margaret Garner Mirabal, Senior Justice,
Court of Appeals for the First District of Texas, participating by assignment.