**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed March 20, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-00859-CV

---

### ROBERT E. SWALLOW AND SHARON J. SWALLOW, Appellants

### V.

### QI, LLC AND MICAH MORGAN, Appellees

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 931519**

---

## MEMORANDUM OPINION

In this case involving a bathroom remodeling project gone wrong, pro se appellants Robert E. Swallow and Sharon J. Swallow, the homeowners, sued QI, LLC, Quality Innovations, Inc., and Micah Morgan, remodeling contractors and one of the principals/employees of the companies, for violations of the Texas Deceptive Trade Practices – Consumer Protection Act (the "DTPA"), breach of contract, breach of express warranty, common law fraud, negligence, and alter ego. A jury found in favor of the Swallows on their DTPA claim and in favor of QI, LLC on its breach of contract and quantum meruit counter-claims. In fifteen issues, the Swallows challenge a number of

the jury's findings and the trial court's judgment. Because we conclude that the Swallows are entitled to their court costs and reasonable and necessary attorney's fees on their successful DTPA claim, we reverse that portion of the trial court's judgment and remand for a new trial on these matters only. The remainder of the trial court's judgment is affirmed.

## BACKGROUND

In the fall of 2007, the Swallows undertook a bathroom remodeling project. They hired QI, LLC, represented by Micah Morgan, to provide the tile work in the bathroom.[1] The parties orally agreed that QI, LLC would install tile, purchased by the Swallows, for $2,500.00. In the course of laying the tile, QI, LLC's tile subcontractor, Tony Tong, also installed a shower pan and liner. After the work was completed, the Swallows had a plumber inspect the work. The plumber informed them that the shower did not appear to have been properly installed. When the plumber performed a water test on the shower, it immediately began leaking through to the downstairs ceiling. After deconstructing the shower floor, the plumber discovered that the shower pan and liner had not been properly installed. Additionally, the Swallows insisted that the tile had not been properly installed either in the shower or on the bathroom floor. Ultimately, Morgan removed all the tile from the bathroom. He offered to reimburse the Swallows for the costs incurred in removing the tile, estimated at $3,500. The Swallows sought $5,000 initially, which included the cost of a custom-cut glass shower enclosure. After getting an estimate to complete the bathroom, however, the Swallows dramatically increased their demands.

The parties were unable to amicably settle this matter. The Swallows sued Morgan, QI, LLC, and Quality Innovations, Inc. for violations of the DTPA, breach of contract and warranty, fraud, and negligence; they also sought to pierce the corporate veil separating the three defendants. The defendants filed a general denial, and QI, LLC later counter-sued for breach of contract and quantum meruit. QI, LLC, Quality Innovations,

---

[1] QI, LLC is a limited liability company; its stock is held by Quality Innovations, Inc. and Hammons & Associates, Inc. Morgan is a stockholder of Quality Innovations, Inc. and an employee of QI, LLC.

Inc., and Morgan also sought to strike the Swallows' pleadings as frivolous and brought to harass them. All three defendants sought their costs of court and attorney's fees.

Court-ordered mediation failed. This initially small breach of contract case grew into an acrimonious battle in which discovery lasted over a year and a half, numerous pre-trial hearings were held, and paperwork flew fast and furiously between the parties. Because of the length and volume of discovery, the trial court appointed a special discovery master. Ultimately, a trial on the merits was held in May 2010. After hearing the evidence and argument of counsel, the jury found as follows:

(1)     QI, LLC did have an agreement with the Swallows but Morgan and Quality Innovations, Inc. did not have an agreement with the Swallows;

(2)     QI, LLC did not fail to comply with its agreement with the Swallows;[2]

(3)     QI, LLC engaged in, but Morgan and Quality Innovations, Inc. did not engage in, false, misleading or deceptive acts or practice that the Swallows relied on to their detriment and that were a producing cause of damages to the Swallows;

(4)     QI, LLC extended a warranty to the Swallows, but Morgan and Quality Innovations, Inc. did not extend a warranty to the Swallows;

(5)     QI, LLC, Quality Innovations, Inc. and Morgan did not fail to comply with a warranty;

(6)     QI, LLC, Quality Innovations, Inc. and Morgan did not engage in any unconscionable action or course of action with regard to the Swallows;

(7)     QI, LLC's engagement in false, misleading or deceptive practice was not conducted knowingly or intentionally;

(8)     the Swallows were entitled to $4,000.00 for damages sustained in the past and $0.00 for damages sustained in the future;

(9)     QI, LLC, Quality Innovations, Inc. and Morgan did not commit fraud against the Swallows;

(10)   the Swallows were not entitled to exemplary damages;

---

[2] As noted by the Swallows in their briefing, the trial court erroneously stated in its judgment that the failure of QI, LLC, Morgan, and Quality Innovations, Inc. to comply with the agreement was excused. However, because the trial court's judgment accurately reflects the jury's finding that these parties did not fail to comply with the agreement, this erroneous statement in the trial court's judgment is mere surplusage.

(11) Neither Morgan nor Quality Innovations, Inc. was responsible for the conduct of QI, LLC;

(12) the Swallows failed to comply with their agreement with QI, LLC;

(13) QI, LLC was entitled to $1.00 for damages in the past due to the Swallows' failure to comply with their agreement with QI, LLC and $0.00 for damages sustained in the future;

(14) QI, LLC performed compensable work for the Swallows;

(15) QI, LLC was entitled to $1.00 for damages in the past for its labor and materials it provided to the Swallows and $0.00 for damages sustained in the future;

(16) the Swallows' pleadings were brought to harass the Defendants;

(17) the Swallows' failure to comply with their agreement with QI, LLC was not excused;

(18) QI, LLC was entitled to damages of $1.00 for the Swallows' failure to comply with the agreement;

(19) the proven amount for the reasonable and necessary services of the Swallows' attorneys for preparation and trial, for an appeal to the Court of Appeals, and for an Appeal to the Supreme Court of Texas was $0.00; and

(20) the proven amount for the reasonable and necessary services of QI, LLC's attorneys for preparation and trial, for an appeal to the Court of Appeals, and for an Appeal to the Supreme Court of Texas was $0.00.

The trial court incorporated these findings into its judgment, awarding the Swallows $4,000.00 from QI, LLC and ordering that they take nothing from Quality Innovations, Inc. and Morgan. The trial court awarded QI, LLC $2.00 from the Swallows and awarded taxable court costs to Quality Innovations, Inc. and Morgan.[3] Finally, the court ordered that the Swallows and QI, LLC bear their own costs of court. After a motion for new trial and several post-judgment hearings, this appeal timely ensued.

## ANALYSIS

The Swallows present the following fifteen issues for our review:

---

[3] Quality Innovations, Inc. entered into a post-judgment settlement agreement with the Swallows and is not a party to this appeal.

1. The jury failed to award the Swallows, as prevailing parties in a DTPA suit, their reasonable and necessary attorney's fees, to which they are entitled as a matter of law.

2. The court erred by not granting the Swallows' Motion to Disregard Jury Findings with respect to the jury's finding on attorney's fees.

3. The trial court erred by not awarding the Swallows their court costs.

4. The court abused its discretion by ignoring the legal requirement that a determination under DTPA section 17.50(c) is a question of law for the court, not the jury, to decide.

5. Alternatively, the trial court erred because Defendants were not entitled to a question on harassment as a matter of law.

6. The court erred by submitting competing breach of contract questions regarding the Swallows' claim and the Defendants' counterclaim without including the mandatory third question – "which party breached first?"

7. The jury's finding that the Defendants did not fail to comply with the agreement is against the great weight and preponderance of evidence and manifestly unjust.

8. Even if the jury had found a breach by Defendants, the jury may not excuse the Defendants' breach in the absence of one or more independent grounds of defense. Any grounds of defense not presented are waived as a matter of law.

9. The evidence is legally and factually insufficient to support the jury's finding that the Defendants are not responsible for each other's actions.

10. The trial court erred by prohibiting the Swallows' attorneys from questioning the Defendants' attorney about his clients' insurance arrangements, including their impact on his fees. This ruling prevented the Swallows from further demonstrating the common control amongst the entities presented as Charge Question No. 11.

11. The jury, against the great weight and preponderance of the evidence, found against the Swallows on Questions 14 and 18 – that Defendant QI, LLC performed compensable work and that the Swallows' failure to comply was not excused – but awarded Defendants nothing on their damage claims – Questions 13, 15, and 19. Further, Questions 13 and 19 seek damages for the same claim.

12. The court erred in awarding Defendants nominal damages because nominal damages cannot be awarded, as a matter of law, where real economic losses were pled, but not proved.

5

13. The trial court erred by considering Morgan a prevailing party for purposes of Texas Rule of Civil Procedure 141 when he was not.

14. The trial court erred by taxing Morgan's court costs to the Swallows without complying with Texas Rule of Civil Procedure 141.

15. The trial court erred by incorporating and submitting a failure to mitigate instruction in Question 8 which improperly introduced the concept of the Swallows' failure to mitigate without (a) establishing who has the burden of proof or (b) the elements of proof required, or (c) any definition and explanation, including (d) the fact that the Swallows were not required to mitigate.

Because several of these issues overlap, we group them for ease of analysis.

## A.    The Swallows' Attorney's Fees and Costs

In their first three issues, the Swallows challenge the jury's failure to award them attorney's fees, the trial court's failure to disregard the jury's finding that zero dollars was "a reasonable fee for the necessary services" of their attorneys, and the trial court's failure to award them their court costs. The Swallows prevailed on their DTPA action against QI, LLC when the jury awarded them $4,000.00 in damages sustained in the past for this claim.

"Each consumer who prevails *shall* be awarded court costs and reasonable and necessary attorneys' fees." Tex. Bus. & Com. Code Ann. § 17.50(d) (West 2011) (emphasis added); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."). The reasonableness of attorney's fees is generally a fact question for the jury's determination. *Bocquet*, 972 S.W.2d at 21.

Here, with no instructions or definitions, the jury charge asked, "What is a reasonable fee for the necessary services of *Swallows'* attorneys, stated in dollars and cents?" As to the amount of attorney's fees for preparation and trial, the jury entered the figure, "– 0 –." But the Swallows' trial counsel offered evidence of attorney's fees and the value thereof. The reasonableness and necessity of the fees sought was controverted by the defendants' attorneys. Although the jury could have rationally concluded that a

6

reasonable and necessary fee was less than the amount sought, an award of no fees was improper in the absence of evidence affirmatively establishing that no attorney's services were needed or that any services provided were of no value. *Midland W. Bldg. L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, 300 S.W.3d 738, 739 (Tex. 2009) (citing *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 645, 548 (Tex. 2009) and *Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 787 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). Because the Swallows prevailed on their DTPA claim against QI, LLC, we cannot say that the services provided by their attorneys were not needed or of no value. Additionally, the trial court should have awarded the Swallows their court costs. *See* Tex. Bus. & Com. Code Ann. § 17.50(d). For these reasons, we sustain the Swallows' first three issues.

## B. Jury Question on Harassment

In issues four and five, the Swallows assert that the trial court erred in asking the jury to determine whether their pleadings were brought to harass the defendants. Assuming without deciding that this question was improperly posed to the jury, we apply the traditional harmless error analysis and consider whether the jury's affirmative finding of harassment probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006). Although the jury answered this question affirmatively, neither our review of the record nor the Swallows' briefing before this court has established how they were harmed by this answer.[4] None of the defendants was awarded attorney's fees based on this finding. Simply put, we see nothing to indicate that the answer to this question probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). Accordingly, the Swallows fourth and fifth issues are overruled.

---

[4] The Swallows assert that without the harassment finding, there would have been little or no basis for most of the defendants' post-verdict actions. In point of fact, the Swallows filed several post-verdict motions themselves. At the post-verdict hearings held on July 29, 2010, August 22, 2010, September 9, 2010, and September 14, 2010, motions filed by the Swallows were at issue.

## C.    Charge Complaints

In their sixth issue, the Swallows contend that the trial court erred by not submitting a question to the jury regarding which party breached the agreement first. [5] Similarly, in their eighth issue, the Swallows contend that the trial court improperly included a question regarding whether the defendants were excused from complying with the agreement.   Finally, in issue fifteen, the Swallows complain that the trial court erroneously submitted a failure to mitigate instruction.   However, the Swallows did not object to the court's charge on these grounds.[6]  To preserve error on appeal, a party must timely object to the jury charge, plainly make the trial court aware of the nature of the complaint, and obtain a ruling.  *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007).  Because these issues were not preserved, we overrule the Swallows' sixth, eighth, and fifteenth issues.

## D.    Sufficiency Complaints

In their seventh issue, the Swallows challenge the factual sufficiency to support the jury's finding that QI, LLC and Morgan did not fail to comply with the agreement.  In issue nine, they assert that the evidence is insufficient to support the jury's finding that Morgan, QI, LLC, and Quality Innovations, Inc. were not responsible for the conduct of one another.   However, in their motion for new trial, the Swallows did not challenge these particular jury findings.  "A point in a motion for new trial is a prerequisite to . . . a

---

[5] In argument not associated with any issue presented, the Swallows assert that their partial payment to QI, LLC constituted substantial performance under the agreement and that, therefore, QI LLC's failure to perform, which occurred first, excused any further performance by the Swallows.  This argument appears to be tied to their sixth issue–that the trial court failed to charge the jury regarding which party breached the contract first.   But the Swallows failed to preserve this issue.   Further, the Swallows present no authority in support of their theory that their partial payment constituted substantial performance.   Thus, this argument is inadequately briefed and is waived.  *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins Co.*, 881 S.W.2d 279, 284 (Tex. 1994).  Pro se litigants are not exempt from the rules of procedure.  *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

[6] The Swallows assert in a footnote that they requested the question regarding who breached first in their "5/12/10 Charge draft."  They provide no record citation for this charge draft, and at the charge conference conducted during trial, they did not seek inclusion of this question in the jury charge.  Moreover, Question 18 of the jury charge stated that the Swallows' failure to comply with the agreement is excused "by *Defendant(s)'* previous failure to comply with a material obligation of the same agreement."

complaint of factual insufficiency of the evidence to support a jury finding [or] a complaint that a jury finding is against the overwhelming weight of the evidence[.]" Tex. R. Civ. P. 324(b)(2), (3). Because the Swallows did not challenge these findings in their motion for new trial, they have waived review of them on appeal. Accordingly, their seventh and ninth issues are overruled.

### E.     Exclusion of Insurance Evidence

In their tenth issue, the Swallows contend that the trial court abused its discretion by refusing to permit their trial counsel from questioning opposing counsel about his clients' insurance arrangements. In their briefing, the Swallows admit that the trial court made this ruling "at the bench, off the record." Additionally, our review of the trial record indicates that the trial judge afforded the Swallows' trial counsel several opportunities to make a record of any complaints regarding any of his bench rulings. The Swallows' counsel made no offer of proof and received no ruling on a bill of exceptions regarding this bench ruling.[7] Accordingly, this issue has not been preserved for our review. *See* Tex. R. App. P. 33.1(a)(1) (stating that to present a complaint for appellate review, the *record* must show the complaint was timely presented and ruled upon by the trial court). The Swallows' tenth issue is overruled.

### F.     Defendants' Counterclaims

In several pages of their brief, the Swallows assert various arguments regarding the defendants' counterclaims. It is difficult to discern what relief the Swallows are requesting from this court regarding these arguments. It appears that their primary

---

[7] The Swallows filed a "bill of exceptions" raising this issue the day after the close of evidence. However, this bill does not comply with the Rules of Appellate Procedure. *See* Tex. R. App. P. 33.2 (explaining the requisites of a formal bill of exceptions). For example, nothing indicates that this bill was presented to the trial court or agreed to by the appellees, nor does the record indicate that any action was taken on the bill. Tex. R. App. P. 33.2(c); *see also Bryan v. Watumull*, 230 S.W.3d 503, 516 (Tex. App.—Dallas 2007, pet. denied) ("[T]he record does not contain any evidence the bill was presented to the trial court or agreed to by appellee. Moreover the record lacks any indication that any action was taken on the bill–the docket sheet lacks any indication a hearing was held on the bill, the trial judge's signature is absent from the bill, and there is no indication whether the trial court acted to make any corrections to the bill.").

contention is that the defendants' counterclaims were frivolous. However, the Swallows did not request a jury question regarding this issue. As such, this complaint was not preserved. *See Ford Motor Co.*, 242 S.W.3d at 43. To the extent that they have raised this issue, it is overruled.

## G. Damages Awarded to QI, LLC

In issue eleven, the Swallows challenge the sufficiency of the evidence to support the jury's findings that QI, LLC performed compensable work for them and that their failure to comply with the agreement was not excused. In their argument, the Swallows assert that, because the jury awarded QI, LLC only nominal damages, it implicitly rejected QI, LLC's claim that it performed compensable work for them and, therefore, the Swallows' failure to comply with the agreement was implicitly excused. It appears, therefore, that the Swallows are arguing that there is a fatal conflict between the jury's answers to these questions. Jury answers are in fatal conflict if one of the answers claimed to be in conflict would require a judgment in favor of the plaintiff, and the other answer would require a judgment in favor of the defendant. *Coastal Chem, Inc. v. Brown*, 35 S.W.3d 90, 99 (Tex. App.—Houston [14th Dist.] pet. denied). Notwithstanding the fact that the Swallows failed to properly brief this issue,[8] a party who does not object to a purported conflict between jury findings before the jury is discharged has failed to preserve error on this issue. *Id.* Accordingly, this issue is overruled.

In their twelfth issue, the Swallows assert that the nominal damages awarded by the jury were legally improper because QI, LLC pleaded, but failed to prove, actual economic damages. Nominal damages are available for breach of contract. *MBM Fin'l Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 664 (Tex. 2009). However, nominal damages are not available when the harm is entirely economic and subject to proof. *Id.* at 665. Here, QI, LLC alleged economic damages. It also provided some evidence of its damages in the form of testimony by Morgan and copies of invoices.

---

[8] *See* Tex. R. App. P. 38.1(i).

10

Generally, in a situation in which there is some proof of actual damages but an erroneous award of nominal damages is made, we would remand for a new trial. *See id.* However, in their brief, neither QI, LLC nor Morgan ask this court to reverse and remand for a new trial. Instead, they simply assert that the $2.00 in damages awarded QI, LLC was supported by legally sufficient evidence and request that we affirm the judgment of the trial court. Because the appellees have not requested that we reverse and remand, we overrule the Swallows' twelfth issue.

## H. Morgan's Court Costs

In issues thirteen and fourteen, the Swallows challenge the trial court's award of court costs to Morgan. They assert that Morgan was not a prevailing party entitled to court costs. Texas Rule of Civil Procedure 131 provides that the successful party "shall recover" from his adversary costs of court. Tex. R. Civ. P. 131. A "successful party" under the rules is a party who obtains a judgment vindicating a civil right. *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 611–12 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). When a counterclaim is pleaded, the party in whose favor final judgment is rendered shall also recover costs. . . ." Tex. R. Civ. P. 303. Rule 141 permits the trial court, "for good cause[] to be stated in the record" to apportion costs otherwise than as provided by law or the rules of civil procedure. Tex. R. Civ. P. 141. We review a trial court's allocation of costs under an abuse-of-discretion standard. *Bayer Corp.*, 214 S.W.3d at 612.

First, we consider whether Morgan was a "successful party" under Rule 131 or Rule 303. The Swallows assert that he was not because he did not prevail on any of his counter-claims. As noted above, however, Morgan included in his counter-claim an allegation that the Swallows' pleadings were frivolous and brought to harass. The jury found that the Swallows' pleadings were brought to harass the defendants, including Morgan. Further, the trial court entered a take-nothing judgment in his favor on all of the Swallows' claims against him. Determination of a successful party under rule 131 should be based on success on the merits, not on damages. *See Caesar v. Bohacek*, 176 S.W.3d

282, 286 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Perez v. Baker Packers, A Div. of Baker Int'l Corp.*, 694 S.W.2d 138, 143 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).  Here, Morgan succeeded on the merits by obtaining a jury finding in his favor and receiving a take-nothing judgment in his favor.  Thus, we cannot say the trial court abused its discretion in determining that Morgan was a successful party, and we overrule the Swallow's fourteenth issue.

## CONCLUSION

We overrule the Swallows' fourth through eighth issues.  We sustain the Swallows' first three issues regarding attorney's fees and court costs.  Accordingly, we reverse and remand to the trial court for a new trial on attorney's fees and costs only.  We affirm the remainder of the trial court's judgment.


/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.