ACCEPTED
01-14-00969-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 3:41:11 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00969-CV

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 3:41:11 PM
CHRISTOPHER A. PRINE
Clerk

BRYAN BLACK

Appellant, Cross Appellee

v.

SMITH PROTECTIVE SERVICES, INC.

Appellee, Cross Appellant

ON APPEAL FROM THE
189TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS

**BRIEF OF CROSS APPELLEE, BRYAN BLACK**

ORAL ARGUMENT REQUESTED

Respectfully Submitted,

**LAW OFFICES OF**
**PATRICK G. HUBBARD, P.C.**
Patrick G. Hubbard
Texas Bar No. 10139500
1075 Kingwood Drive, Suite 203
Houston, Texas  77339
Telephone:  (281) 358-7035
Facsimile:  (281) 358-7008

**ATTORNEY FOR APPELLANT**
**Bryan Black,**

## IDENTITY OF PARTIES AND COUNSEL

Appellant:          Bryan Black

Represented By:     Patrick G. Hubbard
                    Law Offices of Patrick G. Hubbard, P.C.
                    phubbard@patrickhubbardlaw.com
                    Texas Bar No. 10139500
                    1075 Kingwood Drive, Suite 203
                    Houston, Texas  77339
                    Telephone:  (281) 358-7035
                    Facsimile:  (281) 358-7008

Appellee:           Smith Protective Services, Inc.

Represented by:     Todd H. Tinker
                    Law Office of Todd H. Tinker, P. C.
                    tinkerlaw@tinkerlaw.com
                    Texas Bar No. 20056150
                    P. O. Box 75380
                    Dallas, Texas  75380
                    Telephone:  (214) 914-3760
                    Facsimile:   (214) 853-4328

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL...............................ii

TABLE OF CONTENTS........................................................iii

TABLE OF AUTHORITIES....................................................iv

STATEMENT OF THE CASE/STATEMENT OF FACTS.....................1

SUMMARY OF THE ARGUMENT...........................................2

ARGUMENT AND AUTHORITIES.........................................2-5

PRAYER .......................................................................5

CERTIFICATE OF SERVICE.................................................6

# TABLE OF AUTHORITIES

## Statutes

Texas Rule of Civil Procedure 167.5(c) — 3
Texas Rule of Appellate Procedure 33.2 — 4
Texas Rule of Evidence 103 — 3
TEX. R. EVID. 103(a)(2), (b) — 4

## Cases

*Beckett v. State,* 2012 Tex. App. LEXIS 2293, 8-9 (Tex. App.—Dallas [Mar. 22,] 2012, no pet. hist.) (not designated for publication) — 3

*Bobbora v. Unitrin Ins. Servs.,* 255 S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.) — 4

*Cale's Clean Scene Carwash, Inc. v. Hubbard,* 76 S.W. 3d 784, 787 (Tex. App.-Houston [14th Dist.] 2001, no pet) — 4

*Duke v. State,* 365 S.W. 3d 722 (Tex. App.—Texarkana 2012, pet. ref'd) — 3

*Fletcher v. Minn. Min. & Mfg. Co.,* 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)]. — 4

*Guidry v. State,* 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) — 3, 4

*Lone Starr Multi-Theatres, Ltd. v. Max Interests, Ltd.,* 365 S.W. 3d 688 (Tex. App.—Houston [1st Dist] 2011. no pet.) — 4

*Midland W. Bldg. LLC v. First Serv. Air Conditioning Contractors, Inc.* 300 S.W. 3d 738 739 (Tex. 2009). — 4

*Sink v. Sink,* 364 W.W. 3d 340 (Tex. App.—Dallas, 2012 no pet.) — 4

## STATEMENT OF THE CASE/STATEMENT OF FACTS

Bryan Black sued Smith Protective Services, Inc. and Zaffar based upon a wrongful arrest that Zaffar, an employee of Smith Protective Services, Inc. initiated falsely claiming that Black had assaulted him with a baseball bat. The charges were dropped. Smith Protective Services, Inc. was granted an Interlocutory Summary Judgment against Black on August 20, 2014 (Appendix A) after having made an offer to settle the case for $5,000.00 (Appendix B), which was not accepted by Black. The remainder of the case proceeded to trial at which Zaffar failed to appear and defend himself, and Smith failed to appear at trial and offer any proof of attorneys' fees, and a final default judgment was taken against Zaffar on September 23, 2014 (Appendix C, CR 647-648).

Smith filed a Motion for Attorney's Fees Award on September 25, 2014 (Appendix B). Black demanded an oral hearing. At the oral hearing Smith's counsel only presented an oral review of their Motion for Attorneys' Fees Award and failed to offer any testimony or evidence. Black's counsel reminded the Court that a final trial had taken place and that Smith failed to appear. The Court denied the Motion for Attorney's Fee Award on December 3, 2014.

1

## SUMMARY OF ARGUMENT

The basis for Smith Protective Services, Inc.'s Motion for Attorney Fee Award is that Smith made an offer to settle during trial, the settlement offer was not accepted, and Smith prevailed on dismissing the Plaintiff's claims in a summary judgment.

The motion fails as a matter of law for several reasons:

(a) The Motion for Attorneys' Fee Award was not filed timely before final judgment.

(b) Smith failed to offer any evidence or proof of evidence at the time of the hearing on the Motion for Attorneys' Fee Award or make an offer of a bill of exceptions.

## ARGUMENT AND AUTHORITIES

Defendant, Smith's Motions for Summary Judgment were granted on August 20, 2014. The case was called for trial on the merits on September 17, 2014, and a final judgment was signed on September 23, 2014 (Appendix C, CR 647-648). Smith Protective Services, Inc. did not appear at trial. The Court's judgment rendered a final default judgment verdict against Zaffar and further indicated that all other claims are denied, and that all costs were taxed against Defendant, Zaffar. Pointing out the obvious, Smith had from August 20, 2014 until September 17, 2014 to file their Motion for Attorney's Fees Award, and they

2

failed to do so until September 25, 2014, two days after the final judgment was signed. Defendant's counsel for Smith Protective Services, Inc. failed to appear at either docket call or trial when the case was called for trial. The Court rendered all costs of court against Zaffar.

Texas Rule of Civil Procedure 167.5(c) indicates that the court must, upon request, conduct a hearing on a request for an award of litigation costs, at which the affected parties may present evidence. Black did request a hearing on Smith's Motion, and a hearing was granted, but Smith offered no proof, no testimony, and no evidence at the hearing. Smith only offered oral argument on the issue and it was denied. Texas Rule of Evidence 103 covers offers of proof. In a pair of cases, the issue of an offer of proof determined the outcome of the appellate point. In *Beckett v. State,* 2012 Tex. App. LEXIS 2293, 8-9 (Tex. App.—Dallas [Mar. 22,] 2012, no pet. hist.), the trial court excluded evidence about a prescription drug ten years before the offense and further excluded the comments of one testifying expert about an excluded expert's opinion. In *Duke v. State,* 2012 Tex. App. LEXIS 2376 (Tex. App.—Texarkana [Mar. 27,] 2012, no pet. hist.), the trial court excluded affidavits signed by the witness and denied impeachment from the affidavits. Both courts reasoned that to preserve a complaint about the erroneous exclusion of evidence, the complaining party must bring forward a record indicating the nature of the evidence. See *Guidry v. State,* 9 S.W.3d 133,

3

153 (Tex. Crim. App. 1999). There is no record in this instance, because no record was made, and there was no offer of proof on attorneys' fees. Unless the excluded evidence is apparent from the context of the record, the offering party must present a timely offer of proof or bill of exceptions. See TEX. R. EVID. 103(a)(2), (b); *Guidry*, 9 S.W.3d at 153. "Absent a showing of what such evidence would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review." *Guidry*, 9 S.W.3d at 153. In both *Beckett v. State* and Duke v. State the complete absence of an offer of proof of the excluded evidence prevented appellate review. *Lone Starr Multi-Theatres, Ltd. v. Max Interests, Ltd.*, 365 S.W. 3d 688

(Tex. App.—Houston [1st Dist] 2011. no pet.) see also *Sink v. Sink*, 364 W.W. 3d 340 (Tex. App.—Dallas, 2012 no pet ("Texas recognizes two types of offers to preserve error: the offer of proof and the formal bill of exception. See [*Fletcher v. Minn. Min. & Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)]. … When no offer of proof is made before the trial court, the party must introduce the excluded evidence into the record by a formal bill of exception. See *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet."). Texas Rule of Appellate Procedure 33.2 provides that no special words are required but the formal bill of exceptions must be filed no later than thirty days after trial. However, even when attorneys' fees are otherwise

4

mandated, denial is appropriate "if the evidence: (1) failed to prove (a) that any attorney's services were provided; or (b) the value of the services provided. *Cale's Clean Scene Carwash, Inc. v. Hubbard,* 76 S.W. 3d 784, 787 (Tex. App.-Houston [14th Dist.] 2001, no pet). Also see *Midland W. Bldg. LLC v. First Serv. Air Conditioning Contractors, Inc.* 300 S.W. 3d 738 739 (Tex. 2009).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Cross Appellee, Black prays that upon hearing hereof the Court deny appeal on the Motion for Attorney Fees and that Cross Appellant take nothing, and that Cross Appellee have all relief to which he is justly entitled.

Respectfully Submitted,

LAW OFFICES OF
PATRICK G. HUBBARD, P.C.
Patrick G. Hubbard
phubbard@patrickhubbardlaw.com
Texas Bar No. 10139500
1075 Kingwood Drive, Suite 203
Houston, Texas  77339
Telephone:  (281) 358-7035
Facsimile:  (281) 358-7008

ATTORNEY FOR APPELLANT
AND CROSS-APPELLEE,
Bryan Black,

# CERTIFICATE OF SERVICE

This is to certify that on the 19th day of March, 2015, a true and correct copy of the above and foregoing has been served upon counsel of record via e-file and email as follows:

Via Email
Todd H. Tinker, Esq
TinkerLaw@TinkerLaw.com

_____
Patrick G. Hubbard

6