**CALE'S CLEAN SCENE CARWASH, INC. and Ken Elder, Appellants,**

v.

**Henry HUBBARD d/b/a Hubbard Electric Co., Appellee.**

No. 14–01–00456–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 9, 2002.

Elizabeth Meador Bruman, Leonard J. Meyer, Houston, for appellants.

Allison Marie Gabbert, George W. Vie, III, Galveston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and EDELMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this breach of contract action, Cale's Clean Scene Carwash, Inc. and Ken Elder (collectively, "Cales") appeal the trial court's award of attorney's fees to Henry Hubbard d/b/a Hubbard Electric Co. ("Hubbard") on the grounds that: (1) the jury's award of zero attorney's fees was proper and should not have been disregarded and (2) the evidence did not conclusively show that the amount the trial court awarded was reasonable and necessary. We affirm.

Hubbard sued Cales for breach of contract, and the jury awarded Hubbard $31,846 of actual damages but zero attorney's fees. The trial court granted Hubbard's motion to disregard the jury's finding on attorney's fees (the "jury finding") and entered judgment awarding Hubbard $29,225 in attorney's fees for trial.

Cales's first issue argues that the trial court erred in granting Hubbard's motion to disregard the jury finding because there was no evidence showing what would con-

stitute reasonable attorney's fees in this particular case in that testimony was only presented as to a reasonable attorney's fee on an hourly basis and not in light of a contingent fee arrangement, as Hubbard had with his attorney. Cales's third issue [1] asserts that the trial court erred in awarding Hubbard $29,225 of attorney's fees for trial because the evidence did not conclusively show that that amount was reasonable.

■ A trial court may disregard a jury's negative finding and substitute its own affirmative finding only if the evidence conclusively establishes the affirmative finding. *Brown v. Bank of Galveston, Nat'l Ass'n,* 930 S.W.2d 140, 145 (Tex. App.-Houston [14th Dist.] 1996), *aff'd,* 963 S.W.2d 511, 515–16 (Tex.1998). In other words, because the trial court could only disregard the jury's answer if there was no evidence to support it,[2] we review the legal sufficiency of the evidence supporting the jury finding on which Hubbard had the burden of proof. In making such a matter of law review, we first examine the record for evidence to support the jury finding while ignoring all evidence to the contrary. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001). If there is no evidence to support the finding, we then examine the entire record and sustain the trial court's award only if it is established conclusively, *i.e.,* as a matter of law. *Id.*

In this case, the jury question on attorney's fees (the "jury question") asked, without instructions or definitions, "[w]hat is a reasonable fee for the necessary services of Hubbard's attorney in this case, stated in dollars and cents?" [3] As to the amount of attorney's fees for preparation

---

1. Because they are closely related, we address the first and third issues together.

2. *See* Tex.R. Civ. P. 301.

3. *See* 2 Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges PJC 110.43 (2d ed.2000).

and trial, the jury entered the figure, "$0.00."

■ As a factual matter, a zero award for attorney's fees would have been proper if the evidence: (1) failed to prove (a) that any attorney's services were provided; or (b) the value of the services provided; or (2) affirmatively showed that no attorney's services were needed or that any services provided were of no value.[4] In this regard, Hubbard's attorney testified as to both the amount and the type of work he had performed in representing Hubbard. He further testified that the work he performed was necessary to adequately represent the interests of Hubbard in this case and that attorney's fees of $29,225 were reasonable in light of customary charges in Harris County for similar work. Conversely, Cales did not present any evidence that no attorney's services were needed or that the services of Hubbard's counsel had no value.

■ In support of reinstating the jury finding, Cales contends that: (1) the evidence was disputed whether the attorney's fees Hubbard sought for trial were reasonable and necessary; (2) Hubbard's counsel stated during his opening statement that he was willing to let the jury decide whether he ought to get any attorney's fees; (3) evidence of a reasonable fee based on hourly charges was not relevant in this case because a contingent fee would actually be paid; and (4) because it was not shown that the fees requested at trial were reasonable in conjunction with the contingent fee, a reasonable fee under the facts of this case was not proved. We do not

agree that any of these considerations support a zero attorney's fee.

It is undeniable from the record presented that some amount of attorney's services was necessary, and thus some amount of fees was reasonable, to successfully represent Hubbard in this case. If the amount Hubbard requested at trial was not reasonable, the appropriate response to the jury question would have been to enter an amount that was reasonable, not a zero response, indicating that no amount was reasonable.

Moreover, attorney's fees are an element of recovery for Hubbard measured by the amount reasonably necessary to represent him, not the amount his lawyer may actually be paid. Consequently, the fact that his lawyer may ultimately be compensated out of the proceeds recovered based on a percentage of that amount is not a substitute for an award of attorney's fees to Hubbard and thus not a basis to award a zero fee. We therefore find no evidence to support the jury finding that the value of the work necessary to represent Hubbard in this case was either unproved or zero, and thus turn to whether the amount awarded by the trial court was established as a matter of law.

■ Testimony by an interested witness may establish a fact as a matter of law only if: (1) the testimony could be readily contradicted if untrue; (2) it is clear, direct, and positive; and (3) there are no circumstances tending to discredit or impeach it. *Lofton v. Texas Brine Corp.,* 777 S.W.2d 384, 386 (Tex.1989). In this case, the testimony of Hubbard's

---

4. Where the requisite elements are proven, an award of attorney's fees for breach of contract is mandatory, not discretionary. *See Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998) (noting that statutes providing that a party "may recover" attorney's fees are not discretionary); TEX. CIV. PRAC. & REM.CODE ANN.

§ 38.001(8) (Vernon 1997) (stating that a person "may recover" reasonable attorney's fees, in addition to the amount of a valid claim, if the claim is for an oral or written contract). Therefore, the jury in this case did not have discretion to simply deny an award of attorney's fees if any were properly proven.

counsel that $29,225 was a reasonable attorney's fee was clear, direct, and positive and could have readily been contradicted if the amount was not reasonable.[5] Moreover, Cales failed to elicit any testimony to controvert or impeach it.

To demonstrate that the testimony of Hubbard's attorney was not conclusive, Cales relies on cross-examination testimony that the amount that would actually be paid to Hubbard's lawyer under the contingent fee agreement was uncertain and would likely differ from the amount Hubbard was requesting to be awarded. Again we disagree. Although there is no single amount of attorney's fee that would have alone been reasonable, the amount requested by Hubbard and awarded by the trial court was the only one for which testimony was elicited in this case to show its reasonableness. In the absence of testimony controverting or impeaching the reasonableness of that amount or showing the reasonableness of a competing amount (such as the contingent fee amount), the mere fact that Hubbard's lawyer would actually be paid a different amount than that awarded does not controvert, impeach, or otherwise render inconclusive the evidence showing the reasonableness of the amount awarded. Therefore, we overrule Cales's first and third issues.

■ Cales's second issue contends that the trial court erred if it relied on Cales's stipulation in entering judgment for $29,225 in attorney's fees because the stipulation was conditioned on proof that Hubbard would actually be charged an hourly fee. Because there is ample evidence, as reflected above, to support the award without reliance on the stipulation, the conditional nature of the stipulation affords no

basis for relief. Accordingly, we overrule the second issue.

Similarly, Cales's fourth issue claims that the trial court should not have disregarded the jury finding because the jury question was not immaterial. Although it is undisputed in this case that the jury question was material, we conclude, as discussed above, that disregarding the jury finding was not error because there was no evidence to support it. Accordingly, we overrule Cales's fourth issue and affirm the judgment of the trial court.[6]

---

5. *See Brown,* 963 S.W.2d at 515–16 (holding that the court of appeals correctly reformed the zero attorney's fee award based on similar testimony).

6. Because we overrule Cales's four points of error, we need not address Hubbard's cross-issue.