**FIRST SERVICE AIR CONDITIONING CONTRACTORS, INC., Appellant,**

v.

**MIDLAND WESTERN BUILDING, LLC, Appellee.**

No. 11–06–00222–CV.

Court of Appeals of Texas, Eastland.

March 13, 2008.

---

Brian Matthew Catalano, David W. Lauritzen, Cotton Bledsoe Tighe & Dawson, PC, Midland for appellant.

Marie E. Galindo, Harrison R. Fisher, Harrison R. Fisher, Jr., Houston, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and HILL, J.[2]

## MEMORANDUM OPINION

JIM R. WRIGHT, Chief Justice.

The jury found that Midland Western Building, LLC owed First Service Air Conditioning Contractors, Inc. $14,645.10 as a result of Midland Western's failure to comply with an agreement it had with First Service. The jury also found that the amount of attorney's fees that should be paid to First Service at the trial level and on appeal was zero. The trial court entered a judgment in accordance with the jury's verdict on the damages issue, but entered a judgment notwithstanding the verdict on the issue of attorney's fees. The trial court set the attorney's fees at $24,000 for services rendered through the trial, $10,000 for an appeal to the court of appeals, and $5,000 if the case were appealed to the Texas Supreme Court. Midland Western subsequently moved the trial court to reconsider the award of attorney's fees. The trial court did reconsider the award of attorney's fees and entered a modified judgment in which it set the attorney's fees at zero on all levels. We reverse and render.

First Service presents one issue on appeal. In that issue, it argues that the trial court erred when it failed to award mandatory attorney's fees to First Service. It maintains, among other things, that there was no evidence to support the jury's answer of zero attorney's fees and that it conclusively established its reasonable attorney's fees.

■■■ In a suit on a sworn account, as well as suits on contracts, in addition to the amount of a valid claim and costs, a party is entitled to recover reasonable attorney's fees. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997). An award of attorney's fees to the prevailing party is mandatory under the statute. *Recognition Commc'ns, Inc. v. Am. Auto. Ass'n*, 154 S.W.3d 878, 891 (Tex.App.-Dallas 2005, pet. denied).[1] Midland Western had argued that, because the statute contains the words "may recover," an award of reasonable attorney's fees was discretionary. The words "may recover" and the words "may award" do not have the same meaning. The former is mandatory while the latter is discretionary. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998). The jury did not have the discretion to deny attorney's fees if they were properly proven. *Recognition Commc'ns*, 154 S.W.3d at 891.

The Texas Supreme Court has set forth eight nonexclusive factors to consider

---

2. John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

1. Midland Western argued that there was no presentment as required as a prerequisite to an award of attorney fees. Assuming that this complaint has not been waived, we have no evidence in the record before us regarding presentment. Therefore, we do not address the issue.

when determining the reasonableness of attorney's fees. Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9)).

■ We have not been provided with a full reporter's record; we have been provided with designated excerpts only. While there was ample argument regarding attorney's fees, the only evidence regarding attorney's fees came from a lawyer, Brian Carney, who was called as a witness by First Service.

Carney testified that he had a general practice, primarily in litigation. He had been licensed for fourteen years. Carney reviewed itemized bills for attorney's fees charged to First Service and determined that $140 per hour was a reasonable hourly rate for the work performed. Carney also testified that the total sum of $24,000 was a reasonable amount of attorney's fees considering the length of time the case had been pending, the amount of work that was performed in the case, and the number of times the case had to be "worked up" for trial but did not go to trial. Carney also testified as to reasonable attorney's fees in the event of appeals. He said that an appeal to the court of appeals would entail reasonable attorney's fees of seven to ten thousand dollars. A reasonable attorney's fee for an appeal to the supreme court would be five thousand dollars. On cross-examination, Carney was taken through each of the eight factors outlined in *Andersen,* and he testified that he took those things into account. There is no other evidence regarding attorney's fees.

■ The issue raised by First Service is in essence a complaint that the trial court erred when it did not ultimately grant the motion for judgment notwithstanding the verdict. When a challenge is made that the trial court failed to disregard a jury finding, it is construed as a no-evidence or legal sufficiency challenge. *Brown v. Bank of Galveston, Nat'l Ass'n,* 930 S.W.2d 140, 145 (Tex.App.-Houston [14th Dist.] 1996), *aff'd,* 963 S.W.2d 511, 515–16 (Tex.1998).

■ We must consider evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support the finding when we analyze a legal sufficiency issue. *City of Keller v. Wilson,* 168 S.W.3d 802 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded

people to find the facts at issue. *Id.* We may sustain a no-evidence challenge only when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.*

■ Generally, as is argued by Midland Western, it is within the province of the jury to determine the reasonable value of services rendered by an attorney. *Brown,* 930 S.W.2d at 145. Nevertheless, there must be some evidence, as opposed to argument and conjecture, that supports the jury's finding. Midland Western argues that the jury believed that the attorney's fees were not necessary because Midland Western had offered to settle the lawsuit for more than First Service recovered by virtue of the jury verdict. It also argues that the jury must have thought that the attorney's services were of no value because First Service did not get more than what Midland Western had already offered to settle the case. The record furnished to us supports neither argument; moreover, the arguments are conjecture.

■ When the evidence is not contradicted by another witness, or contradicted by circumstances, and it is clear, direct, positive, and free from contradiction, inaccuracies, or circumstances that cast suspicion on the evidence, it is taken as true as a matter of law. *Id.* This is especially true "when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990); *see also Brown,* 963 S.W.2d at 515.

In this case, the only evidence regarding attorney's fees was presented through Carney. His testimony was clear, direct, positive, and free from contradiction, inaccuracies, or circumstances that cast suspicion on his testimony. Midland Western had the means and opportunity of disproving the testimony, but it failed to do that. The issue raised by First Service is sustained.

We hold that there is no evidence to support the jury's award of zero attorney's fees. We further hold that First Service conclusively established its attorney's fees in the amount of $24,000.

The judgment of the trial court is reversed, and judgment is rendered for First Service on its attorney's fee claim in the amount of $24,000.