## MIDLAND WESTERN BUILDING L.L.C., Petitioner,

v.

## FIRST SERVICE AIR CONDITIONING CONTRACTORS, INC., Respondent.

### No. 08–0504.

Supreme Court of Texas.

Nov. 20, 2009.

Harrison R. Fisher, Harrison R. Fisher, Sr., PC, Houston, for Petitioner.

David Wayne Lauritzen, Brian Matthew Catalano, Cotton, Bledsoe, Tighe & Dawson, P.C., Midland, for Respondent.

PER CURIAM.

When Midland Western Building, L.L.C. allegedly failed to pay for air conditioning

---

services performed by First Service Air Conditioning Contractors, Inc., First Service sued Midland Western on a sworn account. First Service sought at least $21,693.56, the principal amount due on the account, plus attorney's fees.

At trial, attorney Brian Carney testified that $24,000 to $26,000 was a reasonable fee for preparing and trying the case, with an additional $7,000 to $10,000 for an appeal to the court of appeals and $5,000 for an appeal to this Court. Carney had reviewed First Service's legal bills before testifying, but the bills themselves were not introduced into evidence. Midland Western cross-examined Carney on the *Arthur Andersen* [1] factors, and Carney admitted that some of the bills involved work related to parties that were no longer in the case.

The jury awarded First Service $14,645.10 in damages but no attorney's fees, and the trial court signed a judgment in conformance with the verdict. First Service appealed, arguing that the trial court erred in failing to award mandatory attorney's fees because there was no evidence to support the jury's answer of zero attorney's fees, and First Service conclusively established its reasonable and necessary fees. The court of appeals, citing *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880 (Tex.1990), noted that the only evidence regarding attorney's fees came from Carney, and "[w]hen the evidence is not contradicted by another witness, or contradicted by circumstances, and it is clear, direct, positive, and free from contradiction, inaccuracies, or circumstances that cast suspicion on the evidence, it is taken as true as a matter of law." 300 S.W.3d 787, 791. Concluding that Carney's testimony satisfied those requirements, the court of appeals reversed the trial court's judgment on attorney's

fees and rendered judgment for $24,000 in fees.

We recently decided *Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545 (Tex. 2009), in which we held that an appellate court's award of the full amount of fees requested, despite the jury's rejection of a substantial portion of the damages sought, was improper because the fee, even if supported by uncontradicted testimony, was "unreasonable in light of the amount involved and the results obtained, and in the absence of evidence that such fees were warranted due to circumstances unique to this case." *Smith,* 296 S.W.3d at 548. Thus, "the evidence did no more than raise a fact issue to be decided by the jury." *Id.* at 548.

Such is the case here. The court of appeals' fee award was not supported by uncontradicted testimony, as Carney admitted on cross examination that some of the fees involved claims against parties other than Midland Western. Thus, fees could not be awarded as a matter of law. *See id.* at 548–49; *Ragsdale,* 801 S.W.2d at 882.

The jury's award of no fees, however, was improper. First Service offered evidence of its attorney's fees and the value thereof. While the jury could have rationally concluded that a reasonable and necessary fee was less than the amount sought, an award of no fees was improper in the absence of evidence affirmatively showing that no attorney's services were needed or that any services provided were of no value. *Smith,* 296 S.W.3d at 548; *Cale's Clean Scene Carwash, Inc. v. Hubbard,* 76 S.W.3d 784, 787 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Accordingly, First Service is entitled to a new trial on attorney's fees.

1. *See Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997).

We reverse the court of appeals' judgment and remand the case to the trial court for a new trial on attorney's fees. Tex.R.App. P. 60.2(d)