**Richard CROUNSE, Appellant,**

v.

**STATE FARM MUTUAL AUTO-
MOBILE INSURANCE CO.,
Appellee.**

No. 01–09–00183–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 2010.

David George, Connelly, Baker, Wotring, LLP, Dinesh Singhal, Singhal and Associates, Houston, TX, for Appellant.

Christopher W. Martin, Levon G. Hovnatanian, Martin, Disiere, Jefferson & Wisdom, L.L.P., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices MASSENGALE and MIRABAL.*

## OPINION

MARGARET GARNER MIRABAL, Senior Justice (Assigned).

This is an appeal from a judgment awarding "$0.00" attorney's fees to the plaintiff. Appellant, Richard Crounse, asserts that the trial court erred in failing to award him attorney's fees because a fee award is mandatory under Civil Practice and Remedies Code chapter 38, and the $0.00 award of attorney's fees was against the great weight and preponderance of the evidence.[1]

We affirm.

## Background

Richard Crounse had auto insurance from appellee, State Farm Mutual Automobile Insurance Company. On June 16,

---

* The Honorable Margaret Garner Mirabal, Senior Justice, Court of Appeals for the First District of Texas, participating by assignment.

1. TEX. CIV. PRAC. & REM.CODE ANN. §§ 38.001–.006 (Vernon 2008).

2005, Crounse was driving his car from Dallas to Houston on IH–45 when he hit an object in the road, causing damage to the underside of his car. Under the policy, State Farm was obligated to pay a reasonable towing charge to have the car taken to the nearest repair facility, although Crounse had the choice to take it to any repair shop he preferred. The car was towed to the nearest repair shop in Fairfield, Texas, where extensive repairs were made. Crounse made a claim for the repairs to State Farm, which State Farm covered except for the deductible. Crounse did not make a claim for the towing charge, and State Farm did not pay it. The car worked until August 14, 2005, when it shut off while Crounse was driving on a service road in Houston, Texas. He took the car to a repair shop in Houston where it was determined the car needed a new engine. Crounse made a new claim to State Farm, which was investigated and subsequently denied.

Crounse brought suit against State Farm for breach of contract, bad faith, unfair settlement practices, and attorney's fees under Civil Practice and Remedies Code chapter 38, as well as Insurance Code chapter 541.[2] After a three day trial, the jury found that State Farm "failed to comply with the insurance policy" when it did not pay Crounse for the towing of his vehicle. However, the jury found that State Farm did not breach its contract regarding the repairs and did not breach its duty of good faith and fair dealing. The jury awarded Crounse $100 in damages for his towing claim. It found that $0 was the reasonable fee for his attorney's necessary services in the case.

Crounse filed a motion for new trial, which was overruled, and he now appeals. He raises one issue on appeal, whether an award of $0 attorney's fees is against the great weight and preponderance of the evidence when a party recovers $100 actual damages on a breach-of-contract claim.[3]

### Standard of Review

In reviewing a challenge to the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986)); *Arias v. Brookstone, L.P.*, 265 S.W.3d 459, 468 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). The jury is the sole judge of witnesses' credibility. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex.2003).

Moreover, when reviewing sufficiency complaints, "it is the court's charge, not some other unidentified law, that measures the sufficiency of the evidence when the opposing party fails to object to the charge." *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex.2000) (citing Tex.R. Civ. P. 272, 274, 278, 279); *see also City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 71 (Tex.2000) (holding that when no objection was made to jury instruction, evidence to support finding based on instruction should be assessed "in light of" the instruction given); *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985) (same). Therefore, we will evaluate Crounse's sufficiency

**2.** TEX. INS.CODE ANN. §§ 541.001–.454 (Vernon 2009).

**3.** In his reply brief, Crounse acknowledges that, under recent Texas Supreme Court cases, the evidence does not conclusively es-

tablish the amount of his attorney's fees, and he therefore has abandoned Issue Presented No. 1. *See Midland W. Bldg. L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, 300 S.W.3d 738, 739 (Tex.2009).

challenges based solely on the charge given to the jury. *See Thatcher v. Yarborough,* No. 01–00–00788–CV, 2002 WL 31618551, at *4 (Tex.App.-Houston [1st Dist.] Nov. 21, 2002, no pet.) (not designated for publication).

### Analysis

*Chapter 38 and "prevailing party"*

■ Civil Practice and Remedies Code chapter 38 provides, "[a] person may recover reasonable attorney's fees ... in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." TEX. CIV. PRAC. & REM.CODE § 38.001(8) (Vernon 2008). The Supreme Court of Texas has held that only a "prevailing party" can recover attorney's fees under chapter 38 and that to recover fees "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997) (citing *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 437 (Tex. 1995)); *see also* BLACK'S LAW DICTIONARY 1232 (9th ed.2009) (defining "prevailing party" as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded"). If attorney's fees are proper under section 38.001(8), and the requisite elements are proven, the trial court has no discretion to deny them. *See Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545, 547 (Tex. 2009); *see Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998); *see Cale's Clean Scene Carwash, Inc. v. Hubbard,* 76 S.W.3d 784, 787 n. 4 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

Here, Crounse "prevailed" on his breach-of-towing-contract claim because the jury found that State Farm breached its towing agreement in the insurance contract and awarded him $100.00 damages as a result of that breach. Accordingly, under chapter 38 Crounse is a prevailing party and is entitled to recover attorney's fees if the requisite elements are proven showing the amount of his reasonable and necessary attorney's fees.

*Sufficiency of evidence to establish reasonable and necessary attorney's fees*

■ To warrant recovery under the Civil Practice and Remedies Code section 38.001, attorney's fees must be "reasonable." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2008). The reasonableness of an attorney's fee award generally presents a question of fact. *See Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881–82 (Tex. 1990); *Great Am. Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966); *Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.,* 754 S.W.2d 764, 767 (Tex.App.-Houston [1st Dist.] 1988, writ denied). Further, an award of attorney's fees must be supported by evidence that the fees were both reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991), *modified on other grounds by Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 313–14 (Tex.2006). Generally, the party seeking to recover attorney's fees carries the burden of proof. *Sterling,* 822 S.W.2d at 10. In a case where attorney's fees are recoverable, an award of no fees by a jury can only be proper if the evidence affirmatively shows that no attorney's services were needed or that any services provided were of no value. *See Midland W. Bldg. L.L.C.,* 300 S.W.3d at 739.

In the present case, Crounse sued State Farm for breach of contract, bad faith, and unfair settlement practices. Crounse sought damages of at least $41,000, plus attorney's fees. The jury question addressing the breach of contract cause of action reads in part:

## QUESTION NO. 1

Did State Farm Mutual Automobile Insurance Company fail to comply with the insurance policy?

. . . .

State Farm's coverage for towing is separate from the main claim and is to be determined under the emergency road service provision of the policy.

. . . .

Answer "Yes" or "No."

Part A)—As to Repair or Replacement of Mr. Crounse's vehicle:

Answer: *No*

Part B)—As to Towing of Mr. Crounse's vehicle:

Answer: *Yes*

Question number two dealt with resulting damages, and the jury awarded as follows:

a) Policy Damages: *$0.00*

b) Towing Charges: *$100.00*

As for the remaining causes of action, the jury found that State Farm did not engage in unfair or deceptive acts or practices (Question Number 3), and State Farm did not fail to comply with its duty of good faith and fair dealing (Question Number 6).

With regard to the attorney's fees, the record reflects the following: (1) Crounse's trial counsel offered expert-witness testimony in support of the attorney's fees sought for trial and appeal; (2) he testified that the case involved technical issues related to car repairs that required experts in those areas to be consulted; (3) he explained that the case was originally filed in the Harris County Civil Court at Law, but that it was transferred to the district court because it became "too big" for county court; (4) he further testified about the number of hours he spent preparing for trial and trying the case; (5) he provided time records and testified that his $300 hourly rate was reasonable for an attorney of his experience; and (6) he testified that the reasonable fee for the work he did through trial was $85,232.50, and that a reasonable attorney's fee through appeal to the Texas Supreme Court would be $22,500. State Farm limited its cross-examination of Crounse's trial counsel to the date the case was set for trial, the day Crounse's lawyer filed alleged bad-faith claims, and the date State Farm's counsel made an appearance in the case. State Farm did not offer its own expert on attorney's fees. However, State Farm points to the towing-charge evidence as relevant to the jury's attorney's fee finding.

With regard to the towing charge, the evidence shows, and the jury charge reflects, that the coverage for towing was separate from the coverage for repairs under the policy. State Farm put on evidence that Crounse did not turn in a claim for towing, and never submitted the towing bill to State Farm. The jury heard State Farm's evidence that State Farm would have paid the towing bill if Crounse had turned in a claim for it, or if Crounse had sent the towing bill to State Farm. In contrast, Crounse testified that he asked State Farm to pay the towing bill, and he believed he sent the towing bill to State Farm. Crounse also testified that, after the lawsuit was filed, he handed the towing bill to one of State Farm's attorneys when Crounse was being deposed. State Farm responded to the jury that the company could not pay a bill that was merely handed to one of its attorney's during a pretrial deposition.

The jury question on attorney's fees reads as follows:

## QUESTION NUMBER 9

What is the reasonable fee for the necessary services of Richard Crounse's

attorney in this case, stated in dollars and cents?

Answer in an amount for each of the following:

a. For all work before your verdict, including reparation for trial and trial.

Answer: *$0.00*

b. For an appeal to the Court of Appeals.

Answer: *$0.00*

c. For an appeal to the Supreme Court of Texas.

Answer: *$0.00*

The jury heard conflicting evidence on whether Crounse had submitted a claim, or a bill, for the $100 towing charge to State Farm. The jury is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc.,* 116 S.W.3d at 761. The jury could have reasonably concluded that Crounse was not entitled to recover any amount in attorney's fees for the prosecution of a lawsuit in which the sole legitimate claim would have been paid without suit being filed if Crounse had just turned in an insurance claim, or had just sent in the $100 towing bill, to State Farm. *See Midland W. Bldg. L.L.C.,* 300 S.W.3d at 739 (holding that no attorney's fees award was proper if no attorney's services were needed). The award of "$0.00" in attorney's fees is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Accordingly, we overrule Crounse's sole issue.

## Conclusion

We affirm the judgment of the trial court.