Opinion issued February 5, 2026



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00164-CV

————————————

**KIMBERLY WILLIAMS, Appellant**

**V.**

**STEVE PIERRE LOUIS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1197515**

---

## MEMORANDUM OPINION

Appellant, Kimberly Williams, proceeding pro se, challenges the trial court's judgment, rendered after a jury trial, in favor of appellee, Steve Pierre Louis, in Williams's suit against Pierre Louis for intentional infliction of emotional distress and property damage.

Williams presents the following ten "[i]ssues"[1] for our review: (1) "Whether the trial court abused its discretion when it prompted/instructed the defendant's attorney . . . to file a surprise [o]ral [d]irected [v]erdict motion against the pro se plaintiff . . . Williams during trial . . . without giving Williams notice"; (2) "Whether the trial court abused its discretion when it ruled in favor of the defenses [sic] instructed [o]ral [d]irected [v]erdict that argued that Williams failed to prove all elements of civil assault that included emotional distress"; (3) "Whether the trial court abused its discretion when it failed to consider [d]eemed [a]dmitted [a]nswers into evidence during trial on January 23, 2024"; (4) "Whether the trial court abused its discretion denying a motion for a new trial filed by . . . plaintiff . . . Williams to submit monetary evidence that supported admitted evidence exhibit[s] 34 and 35 of physical damages caused by bullets to [Williams's] 2017 Mercedes Benz"; (5) "Whether the trial court abused its discretion when it failed to rule on [p]laintiff Williams['s] motion to admit evidence that included GPS records for both herself and . . . defendant [Pierre Louis] on June 26, 2022 and February 4, 2022"; (6) "Whether the trial court abused its discretion when it failed to rule on . . . plaintiff William[s's] motion for admitted evidence that included audio and video recordings of . . . defendant [Pierre Louis] in contact with Williams

---

[1] These "[i]ssues" are listed in the table of contents section of Williams's amended appellant's brief.

after she was charged with an assault on February 4, 2022"; (7) "Whether the tr[ial] court abused its discretion when it suppressed William[s's] audio and video evidence for the jury to hear during trial"; (8) "Whether the trial court abused its discretion by holding a [m]otion in [l]imine [h]earing two days before trial therefore denying the appellate [sic] time to produce an expert witness for GPS evidence"; (9) "Whether the trial court ignored perjured testimony from . . . defendant . . . Pierre Louis and his witness Frankie Davis"; and (10) Whether "[t]he trial court failed to review all evidence filed in [the] record before prompting an [o]ral [d]irected [v]erdict."[2]

We affirm.

## Background

In her fifth amended petition, Williams alleged that Pierre Louis owned Beastwitdaclippers Barbershop (the "barbershop") in Houston, Texas. Williams and Pierre Louis were in a dating relationship from February 2021 to March 2022. While they were dating, Pierre Louis falsely accused Williams of assault, and according to Williams, she was wrongfully arrested. Williams's "bond restrictions prohibited her

---

[2]    To the extent that Williams, in her briefing, references documents attached to her amended appellant's brief that are not a part of the record, we do not consider such documents in addressing her issues. *See McCann v. Spencer Plantation Invs., Ltd.*, No. 01-16-0098-CV, 2017 WL 769895, at *4 n.5 (Tex. App.—Houston [1st Dist.] Feb. 28, 2017, pet. denied) (mem. op.) ("The attachment of documents as exhibits or appendices to an appellate brief does not constitute formal inclusion of such documents in the record for appeal . . . ."); *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("Evidence that is not contained in the appellate record is not properly before this Court.").

to have any contact" with Pierre Louis. Ultimately, Williams pleaded guilty to "a reduced misdemeanor charge with 2 years' probation."[3]

Williams further alleged that, on June 26, 2022, Pierre Louis "threatened [her by] stating that he would have her rearrested" and "demand[ed] money" asserting that he would "orchestrat[e] another false charge which could potentially violate [Williams's] probation." Williams then drove to Pierre Louis's barbershop to "plead[]" with Pierre Louis "to not file another false report." Pierre Louis fired a firearm at Williams outside the barbershop. Pierre Louis fired two shots which hit Williams's car, causing her property damage and emotional distress.

Williams brought claims against Pierre Louis for intentional infliction of emotional distress and property damage. As to damages, she sought $2,000 to paint and repair her car, $4,500 for medical and therapy expenses, and exemplary damages.

Pierre Louis answered, generally denying the allegations in Williams's petition.

---

[3] *See generally Ex parte Williams*, No. 01-23-00565-CR, 2024 WL 3892483, at *1 (Tex. App.—Houston [1st Dist.] Aug. 22, 2024, pet. ref'd) (mem. op., not designated for publication) (noting Williams, with agreed punishment recommendation from State, pleaded guilty to misdemeanor offense of assault of family member and trial court deferred adjudication of her guilt and placed her on community supervision for two years).

At trial, Pierre Louis testified that he and Williams dated for about three to six months. On February 4, 2022, Pierre Louis filed a police report "against" Williams. According to Pierre Louis, that day, Williams followed him in her car "trying to get [him] to stop" his car. When he did not, Williams "pulled on the side of [him] and . . . pointed a handgun at [him]." Williams "kept saying she wanted to talk to [him]." Pierre Louis felt threatened and drove to a police station to report the incident. After the incident, Williams was not supposed to contact him anymore, but she kept calling and texting him, coming to his work, and going to his mother's house. Pierre Louis did not reply, but he reported Williams's actions to law enforcement officers, and he moved job locations. Pierre Louis estimated that he received about 350 text messages from Williams from February 4, 2022 to June 26, 2022.

Pierre Louis further testified that Williams came to his barbershop on June 26, 2022, where he, his girlfriend, Frankie Davis, and his children were at the time. Pierre Louis told Williams to leave, but she kept crying and "begging for [the] key to [his] truck" because she had vandalized it earlier in the day and "wanted to pay for it." Pierre Louis told Williams not to worry about it and to leave because he had his children with him. Davis also told Williams to leave and that "she was going to call the police on [her]" if she did not. Williams then yelled, "I'm gonna kill you," and "got upset and tried to run [them] over with her car." In response, Pierre Louis,

5

who was carrying his firearm, fired two shots at Williams's car. He then got in his car, where his children and Davis were, drove away, and called for emergency assistance.[4] They went "a block around the barbershop [to] wait[] for [Williams] to leave." Pierre Louis was arrested on June 26, 2022 related to the shooting incident. However, the charge against him was later dismissed.

Pierre Louis further explained that he signed a non-prosecution affidavit related to the February 2022 assault incident involving Williams because Williams had children and he wanted "nobody to go to jail." But he did not lie about the assault that happened in February 2022.

Davis testified that she was with Pierre Louis on June 26, 2022 at his barbershop. She and Pierre Louis were walking toward their car when Williams pulled up into the parking lot "extremely quick[ly]." Davis got into the car to make sure that her children were okay because they were scared. Davis then got out and asked Williams to leave numerous times. Williams "continued yelling and crying"; she was hysterical. She made "threats about how [she] didn't want to go back to jail" and "how [she] want[ed] to hurt" Pierre Louis. Davis noted that she heard Williams admit to vandalizing Pierre Louis's truck, and Williams told him that she "would pay for it" and she "had somebody to fix [it]." Williams asked Pierre Louis

---

[4]     As to his call for emergency assistance, Pierre Louis testified that on the call he stated that Williams told him that she was going to kill him and hurt him.

for the keys to his truck, and he told her no and asked Williams to leave. Davis further explained that they told Williams that they had filed a police report related to the vandalized truck.

According to Davis, Williams tried to run over both her and Pierre Louis with her car in the barbershop's parking lot, and Williams's car would have eventually hit the children if Pierre Louis had not shot at the car. After Pierre Louis fired two shots at Williams's car, he and Davis got in their car and drove off. They called for emergency assistance after leaving the barbershop. Eventually, they returned to the barbershop because law enforcement officers were there.

Williams testified that she and Pierre Louis were in a dating relationship for a year and two months. According to Williams, Pierre Louis "had [her] charged with an assault" which purportedly occurred on February 4, 2022. Williams was arrested for that offense on March 8, 2022. Williams was released on bond, and she was not supposed to have contact with Pierre Louis. However, she contacted Pierre Louis on March 10, 2022 to "ask[] him why." They later met up, and Pierre Louis told her that "he would fix the false charge." Williams continued to see Pierre Louis, but she did not go to his home after March 14, 2022 because an ankle monitor was placed on her.[5] Williams agreed that she had violated the conditions of her bond.

---

[5] Williams stated that Pierre Louis later signed a letter of non-prosecution, which she had prepared, but he never admitted in that letter that the February 4, 2022 assault

Williams further testified that on May 20, 2022, "a bond violation [was] filed against" her. In June 2022, Williams pleaded guilty to a "reduced" offense of assault and received "two years' probation."[6] As a condition of her probation, Williams was supposed to "stay away" from Pierre Louis. However, Williams became extremely depressed,[7] and she contacted Pierre Louis on June 26, 2022. This violated the terms of her probation.

When Williams called Pierre Louis, she was crying, and Pierre Louis "got aggravated because [she] was calling" him. He told her that he was "gonna file another false charge against [her] [for vandalism] knowing that [she] was on probation" and then hung up the call. This caused her to panic. Williams drove to Pierre Louis's barbershop where he was standing in the parking lot next to a car. Williams cried, told Pierre Louis "don't do that," and offered to pay him.[8] Davis then got out of the car and told Williams that she needed to leave. Williams saw Pierre Louis "grab[] something" and hold it behind his back. He began to walk up to her car and fired a shot, which struck her car's side-view mirror. Williams "threw

---

did not happen. Pierre Louis also never agreed to tell law enforcement officers that the February 2022 assault never happened.

[6] Although Williams pleaded guilty to the offense, she stated that she had lied to the court when she admitted that she was "guilty of the offense alleged" against her.

[7] Williams noted that she had been diagnosed with bipolar disorder more than ten years before trial, and she had anxiety before meeting Pierre Louis.

[8] Williams denied vandalizing Pierre Louis's truck.

[her] car in reverse," and Pierre Louis fired a second shot which hit the hood of her car. Williams backed her car into the parking lot of the hotel next door to the barbershop and called for emergency assistance. Law enforcement officers came to the scene, and she made a report. On January 4, 2023, she was told that criminal charges would not be filed against Pierre Louis related to the June 2022 shooting incident.

As to her claims against Pierre Louis, Williams testified that Pierre Louis intentionally caused her emotional distress because he "sent [her] to jail for a crime [she] didn't do," he "shot at [her]" on June 26, 2022, and he was "dating another person and . . . not being truthful to" her. Williams began therapy in April 2022. According to her, Pierre Louis "triggered [her] anxiety." But she continued being around him even though, according to her, he "falsely put [her] in jail." At the time of trial, Williams was not taking any medications and was not in a relationship with Pierre Louis.

Bobby Rodney testified that he was Williams's son. Pierre Louis dated Williams. On June 26, 2022, Williams called him and told him that she was "just shot at" by Pierre Louis.

According to Rodney, Williams was not "the same person" after the June 2022 shooting incident. The incident "brought [her] down," and she was not herself. She was "always sad all of the time" and did not have any motivation "to get up and do

9

anything." When Williams was at home, she stayed in bed crying. Williams lost a significant amount of weight.

Rodney also stated that Williams did not "cry[] all the time before her relationship with" Pierre Louis. The crying began when Williams "was in [a] relationship[] with" Pierre Louis. Rodney did not witness any act committed by Pierre Louis that may have caused Williams's distress. He could also not recall when he noticed a change in Williams's demeanor. Rodney was not a medical professional.

Bianca Penaloza testified that she had known Williams for about five years, and they used to work together; she was Williams's supervisor. Williams called her on June 26, 2022. After June 26, 2022, Penaloza saw bullet holes in Williams's car. According to Penaloza, after June 26, 2022, Williams's mood changed drastically. She was no longer uplifting and motivating.

Penaloza noted that Williams had previously been diagnosed with bipolar disorder and participated in therapy before June 26, 2022. Penaloza was not a medical professional.

After Williams rested her case, Pierre Louis moved for a directed verdict on Williams's claims of intentional infliction of emotional distress and damages. The trial court granted Pierre Louis's motion, ordering that Williams take nothing on her claims against Pierre Louis. Williams filed a motion to reopen or for a new trial,

10

requesting that the trial court reopen the case to allow the admission of evidence of her damages. The motion was overruled by operation of law.

**Pro Se Briefing**

As an initial matter, we note that we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880–81 (Tex. App.—Beaumont 2002, pet. denied). Nevertheless, a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). The law is well established that, to present an issue to the Court, an appellant's brief must contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to pertinent authorities and the record. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.); *see also* TEX. R. APP. P. 38.1. Stated differently, an appellant's briefing must put forth specific arguments and substantive analysis showing that the record and law support her contentions on appeal. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal." *Hooks v. Brenham Hous. Auth.*, No. 01-17-00602-CV, 2018 WL 6061307, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem.

11

op.) (holding appellate issues waived because, among other things, argument did not correspond to questions designated as issues on appeal). An appellate court has no duty—nor any right—to perform an independent review of the record and applicable law to determine whether there was error below. *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.). With this in mind, we turn to Williams's issues on appeal.

## Directed Verdict

In her first, second, and tenth issues, Williams asserts that the trial court "abused its discretion when it prompted/instructed the defendant's attorney . . . to file a surprise [o]ral [d]irected [v]erdict motion against the pro se plaintiff . . . Williams during trial . . . without giving Williams notice,"[9] "when it ruled in favor of the defenses [sic] instructed [o]ral [d]irected [v]erdict that argued that Williams failed to prove all elements of civil assault that included emotional

---

[9] To the extent that Williams argues that the trial court erred because it did not give her proper notice that Pierre Louis would move for a directed verdict or that Williams "wasn't given time to thoroughly research the case law" before the trial court granted the directed verdict, Williams provides no authority in her briefing to support her argument. *See* TEX. R. APP. P. 38.1(i); *Hooks v. Brenham Hous. Auth.*, No. 01-17-00602-CV, 2018 WL 6061307, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.) ("A failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal."). Further, Texas law is clear that a defendant may move for a directed verdict at the close of the plaintiff's case-in-chief, which is what occurred here. *See, e.g.*, *Meek v. Onstad*, 430 S.W.3d 601, 610–11 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting defendant may move for directed verdict after plaintiff rests). And the trial court gave Williams the opportunity to respond to Pierre Louis's motion for a directed verdict.

distress," and when it "failed to review all evidence filed in [the] record prompting an [o]ral [d]irected [v]erdict."[10]  We consider these issues together as a challenge to the trial court's granting of a directed verdict on Williams's claims against Pierre Louis.

We review the trial court's grant of a directed verdict de novo.[11]  *JPMorgan Chase Bank, N.A., v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018); *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).  Directed verdicts are reviewed under the same legal-sufficiency standard that applies to no-evidence summary judgments.  *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).  We sustain a legal-sufficiency point when: (1) there is a complete absence of evidence regarding a vital fact, (2) rules of law or evidence preclude according weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact.  *City of Keller*, 168 S.W.3d at 810.  We consider the evidence in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and

---

[10]  To the extent that Williams complains that Pierre Louis's motion for directed verdict was made orally, we note that there is no requirement that a motion for directed verdict be made in writing.  *See Dillard v. Broyles*, 633 S.W.2d 636, 645 (Tex. App.—Corpus Christi–Edinburg 1982, writ ref'd n.r.e.).

[11]  In her briefing, Williams does not address the standard of review of the granting of a motion for directed verdict.

13

inferences unless a reasonable jury could not. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010); *City of Keller*, 168 S.W.3d at 827. Conclusive evidence cannot be disregarded. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *see also City of Keller*, 168 S.W.3d at 816 ("Evidence is conclusive only if reasonable people could not differ in their conclusions . . . .").

The nonmovant bears the burden of identifying evidence before the trial court that raised a genuine issue of material fact as to each challenged element of her causes of action. *See Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014). A directed verdict in favor of the defendant is proper if the plaintiff "fail[ed] to present evidence raising a fact issue essential to [her] right of recovery." *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). We may affirm a directed verdict on any ground that supports it. *RSL–3B–IL, Ltd. v. Prudential Ins. Co. of Am.*, 470 S.W.3d 131, 136 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 443 (Tex. App.—Dallas 2002, pet. denied).

In her fifth amended petition, Williams sought to recover from Pierre Louis $2,000 to paint and repair her car due to the "[b]ullet holes" purportedly caused by his shooting and $4,500 in medical and therapy expenses related to her alleged emotional distress. In granting Pierre Louis's motion for directed verdict on Williams's claims, the trial court concluded that Pierre Louis was entitled to

14

judgment as a matter of law because Williams had not "introduce[d] any probative evidence of any damages sustained or expenses incurred." In her briefing on appeal, Williams agrees that she "failed to submit [such] evidence to the jury." *See Clear Lake Ctr., L.P. v. Garden Ridge, L.P.*, 416 S.W.3d 527, 539 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[G]enerally, a plaintiff bears the burden of proving his or her measure of damages.").

On appeal, an appellant must challenge all independent grounds supporting the trial court's judgment. *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This rule applies to directed verdicts. *See Rush v. Ace Am. Ins. Co.*, No. 01-18-00402-CV, 2019 WL 2932846, at *6 (Tex. App.—Houston [1st Dist.] July 9, 2019, pet. denied) (mem. op.). Thus, when an appellant does not challenge every possible ground for the trial court's ruling, any error in the granting of the directed verdict is waived. *Id.*; *Barton v. Garza*, No. 04-14-00207-CV, 2015 WL 1393428, at *1 (Tex. App.—San Antonio Mar. 25, 2015, no pet.) (mem. op.). Here, Williams had the burden to challenge all the grounds for the trial court's ruling and she failed to do that on appeal. Accordingly, we hold that any error in the trial court's granting of Pierre Louis's motion for directed verdict is waived. *See Rush*, 2019 WL 2932846, at *6, *8; *Barton*, 2015 WL 1392428, at *1.

We overrule Williams's first, second, and tenth issues.

15

**Motion to Reopen or for New Trial**

In her fourth issue, Williams asserts that the trial court "abused its discretion denying [her] motion for a new trial . . . to submit monetary evidence that supported admitted evidence exhibit[s] 34 and 35 of physical damages caused by bullets to [Williams's] 2017 Mercedes Benz."

After the trial court granted Pierre Louis's motion for directed verdict on Williams's claims, Williams filed a motion to reopen or for a new trial, requesting that the trial court "reopen [the case] to allow [the] admission of evidence of damages to [Williams's] car/property and future cost of therapy." Williams stated that she had "failed to provide the estimate for the repairs" of her car at trial and she "forgot to submit evidence for continued therapy" during trial.

Texas Rule of Civil Procedure 270 allows a trial court to permit additional evidence to be offered at any time when it "clearly appears to be necessary to the due administration of justice." TEX. R. CIV. P. 270. But rule 270 does not require the trial court to allow additional evidence. *Id.*; *Krishan v. Ramirez*, 42 S.W.3d 205, 223 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). The party seeking to reopen the evidence must show: (1) due diligence was exercised in obtaining the evidence; (2) the new evidence is "decisive"; (3) allowing additional evidence will not cause undue delay; and (4) allowing the additional evidence will not cause injustice. *Lopez v. Lopez*, 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi–

16

Edinburg 2001, pet. denied); *Ex parte Stiles*, 950 S.W.2d 444, 446–47 (Tex. App.—Waco 1997, no pet.); *see also In re S.L.M.*, 97 S.W.3d 224, 230 (Tex. App.—Amarillo 2002, no pet.). The decision to allow a party to reopen evidence is within the sound discretion of the trial court and will not be disturbed on appeal unless a clear abuse of discretion is shown. *Lopez*, 55 S.W.3d at 201; *In re Hawk*, 5 S.W.3d 874, 876–77 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

In her briefing related to her motion to reopen, Williams summarily asserts that "[t]he trial court abused its discretion [in] denying" her motion "to submit monetary evidence that supported car damage cost and proof from her therapist indicating [that she] was suffering mentally from traumatic events from a relationship with [Pierre Louis]." Williams does not assert, or even discuss, in her briefing whether she met the requirements for the case to be reopened. *See Lopez*, 55 S.W.3d at 201 (noting trial court does not abuse its discretion by refusing to reopen evidence if party seeking to reopen has not shown requirements met).

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by [appropriate] legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). The failure to provide substantive analysis of an issue or cite appropriate

authority waives a complaint on appeal. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). We hold that Williams has waived her complaint about the trial court's denial of her motion to reopen due to inadequate briefing. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied) (appellate court cannot remedy deficiencies in appellant's brief for him).

Additionally, to the extent that Williams also complains about the trial court's denial of her request for a new trial, we review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

In her motion, Williams requested a new trial "in the interest of justice and fairness," but this is not an independently sufficient reason for the trial court to grant a new trial. *See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689–90 (Tex. 2012). Further, we note that, as the appellant, Williams bears the burden on appeal to show that the trial court abused its discretion when it denied her motion for new trial, and we cannot conclude that she has met that burden in this case. *Waggoner v. Breland*,

18

No. 01-10-00226-CV, 2011 WL 2732687, at *3 (Tex. App.—Houston [1st Dist.] July 14, 2011, no pet.) (mem. op.); *see also Powell v. Asplundh Tree Expert Co.*, No. 13-11-00317-CV, 2012 WL 3242105, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2012, no pet.) (mem. op.).  Accordingly, we hold that the trial court did not err in denying Williams's motion for new trial.

We overrule Williams's fourth issue.

## Remaining Issues

In the "Issues Presented" section of her table of contents in her amended appellant's brief, Williams lists these additional "[i]ssues": (3) "Whether the trial court abused its discretion when it failed to consider [d]eemed [a]dmitted [a]nswers into evidence during trial on January 23, 2024"; (5) "Whether the trial court abused its discretion when it failed to rule on [p]laintiff Williams['s] motion to admit evidence that included GPS records for both herself and . . . defendant [Pierre Louis] on June 26, 2022 and February 4, 2022"; (6) "Whether the trial court abused its discretion when it failed to rule on . . . plaintiff William[s's] motion for admitted evidence that included audio and video recordings of . . . defendant [Pierre Louis] in contact with Williams after she was charged with an assault on February 4, 2022"; (7) "Whether the tr[ial] court abused its discretion when it suppressed William[s's] audio and video evidence for the jury to hear during trial"; (8) "Whether the trial court abused its discretion by holding a [m]otion in [l]imine [h]earing two days

19

before trial therefore denying the appellate [sic] time to produce an expert witness for GPS evidence"; and (9) "Whether the trial court ignored perjured testimony from . . . defendant . . . Pierre Louis and his witness Frankie Davis."[12]

As previously noted, Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by [appropriate] legal citations." *Tesoro Petroleum*, 106 S.W.3d at 128; *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). The failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Marin Real Estate Partners*, 373 S.W.3d at 75; *Huey*, 200 S.W.3d at 854.

Related to the above listed issues, Williams, in her briefing, does not provide this Court with appropriate argument, analysis, discussion, or citation to proper legal authority. *See* TEX. R. APP. P. 38.1(i); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing,"

---

[12] We note that Williams called Davis as a witness at trial during her case-in-chief. Because the trial court granted Pierre Louis's motion for a directed verdict after Williams rested, Pierre Louis did not call any witnesses at trial.

20

including requiring "appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record."); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for her.  Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal."); *see also Hopes–Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly present her case on appeal; we "may not make allowances or apply different standards for litigants appearing without . . . counsel").

Further, we note that much of Williams's arguments in her "summary of argument" section[13] of her brief are difficult to understand and do not correspond with the issues listed in the "Issues Presented" section of her table of contents.[14] *See Burns v. EMD Supply, Inc.*, No. 01-22-00929-CV, 2024 WL 1558720, at *10 (Tex. App.—Houston [1st Dist.] Apr. 11, 2024, no pet.) (mem. op.) (holding appellant's remaining issues waived due to inadequate briefing where his arguments were difficult to understand and did not correspond to remaining listed issues);

---

[13] Williams's amended appellant's brief does not contain an argument section. *See* TEX. R. APP. P. 38.1(h), (i) (requiring "Argument" section in addition to "Summary of the Argument" section).

[14] Williams's amended appellant's brief does not contain a separate "Issues Presented" section. *See id.* 38.1(f).

*Hornbuckle v. State Farm Ins.*, No. 02-15-00387-CV, 2016 WL 5957020, at \*2–3 (Tex. App.—Fort Worth Oct. 13, 2016, no pet.) (mem. op.) (holding complaints waived due to inadequate briefing where, among other things, arguments did not correspond to issues asserted); *M.D. Mark, Inc. v. PIHI P'ship*, No. 01-98-00724-CV, 2001 WL 619604, at \*12 (Tex. App.—Houston [1st Dist.] June 7, 2001, no pet.) (not designated for publication) (holding complaints were not properly before appellate court where brief did not contain argument and authority section corresponding to points of error).

We hold that any remaining issues Williams has attempted to raise in her amended appellant's brief are waived due to inadequate briefing. *See, e.g.*, *Burns*, 2024 WL 1558720, at \*10.

## Conclusion

We affirm the judgment of the trial court. All pending motions are dismissed as moot.

Kristin Guiney
Justice

Panel consists of Justices Rivas-Molly, Guiney, and Morgan.

22